# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 19-50222

United States Court of Appeals
Fifth Circuit

**FILED**

October 25, 2019

Lyle W. Cayce
Clerk

TERRY TRENTACOSTA,

      Petitioner - Appellant

v.

LORIE DAVIS, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL
JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION,

      Respondent - Appellee

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:18-CV-892

Before HIGGINBOTHAM, SOUTHWICK, and WILLETT, Circuit Judges.

PER CURIAM:[*]

Terry Trentacosta, Texas prisoner # 1535182, was convicted by a jury of five counts of aggravated sexual assault and two counts of indecency with a child and sentenced to a total of sixty years' imprisonment.[1] In January 2019, the district court dismissed Trentacosta's years-late 28 U.S.C. § 2254 petition as untimely and denied his subsequent Rule 59(e) motion to alter or amend the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] *Trentacosta v. State*, No. 04-08-00805-CR, 2009 WL 2883024, at *1 (Tex. App. Sept. 9, 2009).

## No. 19-50222

judgment. Trentacosta now seeks a certificate of appealability (COA) on the district court's refusal to toll the statute of limitations or hold an evidentiary hearing in light of his claim of actual innocence. Trentacosta contends that the district court should have tolled the limitations period and reached the merits of his underlying ineffective-assistance claim. He also seeks a COA on the district court's denial of his Rule 59(e) motion.

Actual innocence can serve as a gateway through which a petitioner may raise § 2254 claims despite the expiration of the limitations period.[2] However, actual-innocence claims require new, reliable evidence, such as "exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence."[3] The petitioner must "persuade[] the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt."[4]

Trentacosta's arguments in support of a COA are conclusory and unpersuasive. The affidavits he offers as "new evidence" attempt to impugn the victim's credibility and establish her motive to lie. Trentacosta does not explain how this purportedly new evidence could demonstrate that no reasonable juror would have convicted him. Especially given that the victim's testimony was corroborated by physical evidence,[5] reasonable jurists could not debate either the district court's actual-innocence determination or its denial of an evidentiary hearing.[6] Moreover, because Trentacosta's Rule 59(e) motion merely rehashed his conclusory assertion of entitlement to an evidentiary hearing on his claim of actual innocence, the district court did not err in denying it.

---

[2] *See McQuiggin v. Perkins*, 569 U.S. 383, 392–93 (2013).

[3] *Schlup v. Delo*, 513 U.S. 298, 324 (1995).

[4] *Id.* at 329.

[5] *See Trentacosta*, 2009 WL 2883024, at *2.

[6] *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

## No. 19-50222

Trentacosta's motion for a COA is therefore denied, and the district court's denial of an evidentiary hearing is affirmed.[7]

---

[7] Because no COA requirement "exists for an appeal from the denial of an evidentiary hearing," we "construe [Trentacosta's] request for a COA on this issue as a direct appeal from the denial of an evidentiary hearing." *Norman v. Stephens*, 817 F.3d 226, 234 (5th Cir. 2016).